MARTIN L. FINEMAN (California SBN 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Ste. 800
San Francisco, CA 94111-6533
Tel: 415/276-6500
Fax: 415/276-6599
E-Mail: martinfineman@dwt.com

Attorneys for Plaintiff
T-MOBILE WEST CORPORATION

JENNIFER MCGRATH, City Attorney (CA State Bar No. 179917)
SCOTT F. FIELD, Assistant City Attorney (CA State Bar No. 105709)
Box 190, 2000 Main Street
Huntington Beach, California 92648
Telephone: (714) 536-5555
Facsimile: (714) 374-1590
Email: sfield@surfcity-hb.org

Attorneys for Defendants
CITY OF HUNTINGTON BEACH and
CITY COUNCIL OF THE CITY OF
HUNTINGTON BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE WEST CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH, a public entity organized and existing under the laws of the State of California; CITY COUNCIL OF THE CITY OF HUNTINGTON BEACH,<br><br>Defendants. | Case No. **CV 10-2835 CAS (Ex)**<br><br>[Case Assigned to Judge Christina A. Snyder, Courtroom 5]<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>Complaint Filed April 16, 2010 |

Having reviewed the Stipulation Regarding Protective Order between the City of Huntington Beach (the "City" or "Defendant") and T-Mobile West Corporation ("T-Mobile" or "Plaintiff"), and good cause appearing,

IT IS HEREBY ORDERED as follows:

This proposed protective order (the "Protective Order") shall govern the production or disclosure of any record or information designated as "Confidential Information" and produced by the Parties or their agents during the course of discovery, pretrial proceedings, or trial in this suit, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally, in response to interrogatories, requests for admissions, requests for production of documents, or any other formal method of discovery. In addition, the Parties contemplate that Confidential Information may be produced by a non-party. This Protective Order also shall govern any designated record or information produced in this action pursuant to disclosures required under any applicable Federal Rule of Civil Procedure or Central District of California Local Rule and any supplementary disclosures thereto.

1. **DESIGNATION**

The City has sought production of documents regarding the performance and coverage of T-Mobile's wireless telecommunications system, which may include information regarding: Dropped Calls, Blocked Calls and System Accessibility for the area of the City of Huntington, Antenna and Sector Site Maps for the City of Huntington Beach, the number of T-Mobile subscribers within the City of Huntington Beach, "Drive Tests" and related system performance reports prepared by T-Mobile's consultants, documents regarding the "propagation models" and drive tests T-Mobile employs for predicting system performance, reports issued by the Field Service Center of T-Mobile, reports regarding potential antenna locations serving the City of Huntington Beach, financial and

2

[PROPOSED] PROTECTIVE ORDER                                        DWT 18998754v1 0048172-000465
Case No. CV 10-2835 CAS (Ex)
*T-Mobile West Corporation v. City of Huntington Beach*

technological methodologies for evaluating and selecting sites, and documents containing "trade secrets, confidential research, development, or commercial information" within the meaning of Rule 26(c), which pertain to T-Mobile's decision-making with respect to its wireless facilities and coverage area.

Plaintiff may designate as "CONFIDENTIAL" any discovery within the above categories. Any Confidential Information shall be clearly marked "CONFIDENTIAL" prior to production, or subsequent to selection for copying (*i.e.*, in cases where Confidential Information is made available for review prior to production), but prior to the actual copying.

If it comes to T-Mobile's attention that information or items that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, T-Mobile must promptly notify all other Parties that it is withdrawing the mistaken designation.

2.   **NOTICE AND MARKINGS**

Any documents, material or information may be designated "CONFIDENTIAL" by stamping each page in such manner that the written matter is not obliterated or obscured.

T-Mobile may designate any portion or all of a deposition as Confidential Information by notifying the City on the record during the deposition or in writing within five (5) business days of the receipt of the transcript. The Parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL for five (5) business days after receipt of the transcript.

3.   **INADVERTENT FAILURE TO DESIGNATE**

Failure to designate or stamp as CONFIDENTIAL at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made before receiving such notice.

### 4. OBJECTION TO DESIGNATION

The City may object to the designation of any material as Confidential Information at any time. If the City objects to T-Mobile's designation of Confidential Information, then the Parties shall meet and confer pursuant to Rule 26(c). If the Parties cannot resolve the City's objections, then T-Mobile shall apply promptly to the Court for a protective order. Until the Court rules on T-Mobile's motion, the City shall treat the information as Confidential Information. On any motion for a protective order, T-Mobile shall bear the burden of justifying the Confidential Information designation.

### 5. USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose. Confidential Information that has been designated "CONFIDENTIAL" shall be disclosed only to:

1. The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action;
2. In-house counsel for each party;
3. Independent Experts, and graphics, design, jury consultant or focus group Consultants who have been retained by the City or its attorneys for this action and which the City has disclosed in writing to T-Mobile, provided that each Independent Expert and Consultant shall first sign a copy of this Protective Order, which shall be deemed to acknowledge notice and consent to the terms of this Protective Order, and consent to the continuing jurisdiction of the Court for the purposes of enforcing and remedying any violations of this Order. Each Party's counsel shall maintain a copy of the Protective Order signed by such individuals, and a copy of which shall be furnished to

the opposing party immediately after signing. Counsel shall take all steps reasonably necessary to prevent the unauthorized disclosure of such Confidential Information;

4. Officers, directors, or employees of the Parties who require the information to assist in or evaluate this action;

5. The Court and persons associated with or employed by the Court whose duties require access to the information;

6. The author of the document and any person identified as a recipient of the document on its face as well as any employee or former employee of the designating party;

7. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

8. Other persons, as agreed to in writing or on the record by all Parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Information in order to prepare for trial.

**6.  RELATED DOCUMENTS**

Documents and information designated as CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or summaries; (d) designated deposition testimony; and (e) designated testimony taken at a hearing or other proceedings.

### 7. CONFIDENTIAL INFORMATION SUBMITTED TO COURT

At such time as the Parties file pleadings, motions or exchange exhibits prior to trial, T-Mobile and the City shall identify those pleadings, motions and exhibits which are or include Confidential Information. Confidential Information filed with the Court prior to trial, as well as pleadings which disclose Confidential Information, shall be filed as redacted copies of such documents, pleadings, or memoranda to be placed in the public record except as required by the Court. Non-redacted copies shall be lodged under seal, to the extent permitted by the Court.

### 8. CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

No person may disclose, in public or private, any designated information or documents of another party except as provided for in this Protective Order, but nothing in this Order shall affect the right of T-Mobile to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, information or document designated by it as CONFIDENTIAL. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information or documents in violation of it.

### 9. CONFIDENTIAL INFORMATION FROM A NON-PARTY

If any non-party is to produce any documents or information to Parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights and responsibilities as the Parties to designate documents and information as Confidential Information under this Protective Order.

### 10. OBLIGATIONS OF PARTIES

Each of the Parties and their counsel of record agrees to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

6

[PROPOSED] PROTECTIVE ORDER                                    DWT 18998754v1 0048172-000465
Case No. CV 10-2835 CAS (Ex)
*T-Mobile West Corporation v. City of Huntington Beach*

Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

## 11. INDEPENDENTLY OBTAINED MATERIAL

T-Mobile shall not object on grounds of confidentiality to the use of any document the City obtains independently from T-Mobile.

Nothing in this Order shall prevent or restrict T-Mobile's or the City's counsel in any way from inspecting, reviewing, using or disclosing any non-Confidential materials. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

## 12. TERMINATION OF LITIGATION

Within ninety (90) days of the Parties stipulating as to the final conclusion or final settlement of this Action and any appeal thereof, all persons subject to the terms of this Order shall (i) destroy or assemble and return to the producing party all Confidential Information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; except that Counsel may retain one archival copy of pleadings, deposition transcripts and their exhibits, trial transcripts and their exhibits.

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the Parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

## 13. ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other

discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

## 14. GOOD CAUSE STATEMENT

Rule 26(c) states that a court may enter a protective order, "upon good cause shown," "to protect a party from annoyance, embarrassment, or undue burden or expense . . ." Rule 26(c) includes a nonexhaustive list of the kinds of information that may be subject to such a protective order – "trade secret or other confidential research, development, or commercial information." Courts have long safeguarded a party's confidential business or technical information wherever there is a threat of serious economic injury through protective orders. *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 515 (D. Colo. 2009) ("[P]rotective orders . . . are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information."); *Phillips v. Byrd*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) ("[t]he law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of development, or commercial information"); *Motorola, Inc. v. Interdigital Tech. Corp.*, No. Civ.A. 93-488-LON, 1994 WL 16189689, at *2 (D. Del. Dec. 19, 1994) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury").

T-Mobile contends and the City does not object that in the course of discovery and presenting evidence in this case, certain documents and information pertaining to T-Mobile's decision-making with respect to its wireless facilities and coverage area are likely to reveal sensitive trade secrets or other confidential research and development within the meaning of Federal Rule of Civil Procedure 26(c) that would result in a threat of serious economic and commercial injury and infringe on the privacy interests of third parties.

Accordingly, the Parties have stipulated to this Protective Order pursuant to Rule 26(c) and have good cause for entry of a protective order.

IT IS SO ORDERED.

2/10/12

_____
United States Magistrate Judge