UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2835 CAS (Ex) | Date | August 20, 2012 |
|---|---|---|---|
| Title | T-MOBILE WEST CORPORATION V. CITY OF HUNTINGTON BEACH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG/ MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Martin Fineman | Scott Field | |

**Proceedings:** **Plaintiff's Motions in Limine** (filed July 23, 2012)

## I. INTRODUCTION AND BACKGROUND

Plaintiff T-Mobile West Corporation ("T-Mobile") filed the instant action against defendants the City of Huntington Beach (the "City") and the Huntington Beach City Council (the "City Council") on April 16, 2010. The complaint asserts three claims for relief based on purported violations of the Telecommunications Act of 1996: (1) violation of 47 U.S.C. § 332(c)(7)(B)(iii) (lack of substantial evidence to deny request to place wireless service facilities); (2) violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) (improper prohibition of provision of personal wireless services); and (3) violation of 47 U.S.C. § 332(c)(7)(B)(iv) (improper denial of permit for Federal Communications Commission-compliant wireless facilities based on radio frequency effects).[1]

The gravamen of T-Mobile's complaint is that it was improperly denied a conditional use permit ("CUP") application to construct a wireless facility at the Community United Methodist Church ("CUMC"), located at 6666 Heil Avenue in Huntington Beach, California, to fill a gap in T-Mobile's "in-home" residential coverage. Compl. ¶ 1. A bench trial is currently scheduled to begin on August 28, 2012.

T-Mobile filed two motions in limine on July 23, 2012: (1) to exclude all evidence

---

[1] T-Mobile's first and third claims have been dismissed such that only T-Mobile's second claim remains.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2835 CAS (Ex) | Date | August 20, 2012 |
|---|---|---|---|
| Title | T-MOBILE WEST CORPORATION V. CITY OF HUNTINGTON BEACH, ET AL. | | |

and argument relating to whether it has an equal or greater need for wireless telecommunications facilities at locations other than the CUMC; and (2) to exclude any witnesses or documents not timely disclosed as required by Federal Rule of Civil Procedure 26.  The City filed oppositions on July 30, 2012.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     DISCUSSION

### A.     T-Mobile's Motion to Exclude Evidence Relating to its Needs at Other Locations

T-Mobile argues that the issues in this case are limited to whether there is a significant gap in service in the area surrounding the CUMC and whether that location is the least intrusive means of filling that gap.  Dkt. No. 43 at 2.  Therefore, according to T-Mobile, the fact that it may also need wireless telecommunications facilities elsewhere is irrelevant and should be excluded pursuant to Federal Rules of Evidence 402 and 403.  Id. at 3.

The Court rejects this argument.  T-Mobile's asserts that the denial of the CUP effectively prohibits it from providing personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II).  Compl. ¶ 110.  Section (B)(II) provides that local government "regulation of the placement, construction, and modification of personal wireless service facilities . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

In Sprint PCS v. City of Palos Verdes Estates, 583 F.3d 716, 726 (9th Cir. 2009), the Ninth Circuit explained that to prove a Section 332(c)(7)(B)(i)(II) "effective prohibition" violation, a wireless provider must prove that a local government's action prevents the closure of a "'significant gap' in service coverage" because of: (1) a significant gap in service coverage; and (2) a lack of feasible alternative facilities or site locations.  See also MetroPCS, Inc. v. City and County of San Francisco, 400 F.3d 715, 731 (9th Cir. 2005).

The Federal Communications Commission has not set a standard for minimum wireless signal strengths, nor what constitutes a gap in service.  Here, T-Mobile proposes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2835 CAS (Ex) | Date | August 20, 2012 |
|---|---|---|---|
| Title | T-MOBILE WEST CORPORATION V. CITY OF HUNTINGTON BEACH, ET AL. | | |

to use its own internal standards for determining what entails a service gap, including "drive tests" that show a lack of a minimum signal strength of -76dBm and an acceptable level of "dropped" and "blocked" calls." The City is entitled to offer evidence that there are greater or equal service gaps elsewhere in order to demonstrate that the standard used by T-Mobile to demonstrate the existence of a gap at the CUMC site is not supported by other relevant evidence. That is, evidence that T-Mobile has not pursued new cellular cites where the signal strength and number of dropped calls is worse than at the CUMC site is relevant to the weight that should be given to T-Mobile's internal signal service standards. Thus, it should not be excluded.[2]

### B. T-Mobile's Motion to Exclude Witnesses and Documents not Timely Disclosed

T-Mobile moves to exclude any witnesses and documents that were not disclosed as required by Federal Rule of Civil Procedure 26. T-Mobile objects in particular to the introduction of evidence relevant to whether there are viable alternatives to the CUMC site.

The Court denies T-Mobile's request.

Rule 26 requires that parties exchange, without the necessity of any formal discovery request, information relating to witnesses and documents "reasonably available" to the party at the time of such disclosures. Fed. R. Civ. P 26(a). The Rule does not demand an exhaustive investigation at the early stages of the case, but rather one that is reasonable under the circumstances, focusing on the facts alleged in the pleadings. Advisory Committee Notes on 1993 Amendments to Rule 26.

Here, the City asserts that it learned from T-Mobile during discovery that there were alternatives to the CUMC site that T-Mobile did not pursue. Evidence, including documents and witness testimony, concerning the feasibility of these sites was not "reasonably available" to the City at the time it made its disclosures. Instead, this

---

[2] Further, the danger that this evidence may confuse issues or cause unnecessary delay is substantially reduced in a bench trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-2835 CAS (Ex) | Date | August 20, 2012 |
|---|---|---|---|
| Title | T-MOBILE WEST CORPORATION V. CITY OF HUNTINGTON BEACH, ET AL. | | |

evidence goes to the feasibility of the alternative sites that T-Mobile itself identified in its responses to the City's discovery requests.  See T-Mobile's Response to Set 2 of the City's Interrogatories, Interrogatory 1.

At oral argument, counsel for T-Mobile conceded that this motion is moot because the city's witness and exhibit lists do not contain any newly-discussed witnesses and exhibits.

### III.     CONCLUSION

In accordance with the foregoing, the Court hereby denies T-Mobile's motions in limine.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | MS | | |